UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CHRISTOPHER E. WASHINGTON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:16 CV 550 |
|  | ) |  |
| ALLEN COUNTY SHERIFF DEPT., *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**OPINION AND ORDER**

Christopher E. Washington, a prisoner proceeding *pro se*, filed an amended complaint against the Allen County Sheriff Department and three officers, alleging they were negligent and used excessive force during his September 8, 2008, arrest. (DE # 8.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

In this case, Washington alleges that on September 8, 2008, Officers Windom and Newmann were in plain clothes when they pulled a gun on him. At the time, Washington did not believe these individuals were police officers, which caused him to flee. He fled into the street, where he was hit by an automobile. Washington seeks money damages against Officer Windom, Officer Newmann, Officer Fries and the Allen County Sheriff Department, alleging he was the victim of neglect and police brutality. This is not the first time that Washington has sued these defendants based on these same events. In *Washington v. Parkview Hospital*, 1:09-CV-001 (N.D. Ind. filed Jan. 5, 2009), he made the same allegations he makes here. There, based on the parties' stipulation, the court dismissed the case with prejudice. (Cause No. 1:09-CV-001, DE # 42, # 45.) Recently, Washington attempted to appeal the judgment in that case, but his appeal was denied. (Cause No. 1:09-CV-001, DE # 53.)

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and *res judicata*, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction. . . cannot be disputed in a subsequent suit between the same parties or their privies[.]" *Ross v. Bd. of Educ. of Tp. H.S. Dist. 211*, 486 F.3d 279, 282 (7th Cir. 2008) (internal citation and quotation marks omitted). These companion doctrines "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on

judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

In Indiana, for *res judicata*, or claim preclusion to apply, the question is whether the following four factors have been met: (1) the former judgment was rendered by a court of competent jurisdiction; (2) the former judgment was rendered on the merits; (3) the matter now at issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action was between parties to the present suit or their privies." *Kalwitz v. Kalwitz*, 934 N.E.2d 741, 750 (Ind. Ct. App. 2010). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Barr v. Bd. of Trustees of W. Illinois Univ.*, 796 F.3d 837, 839 (7th Cir. 2015) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

It is quite clear that Washington's most recent claims fit the bill. First, there is no question that the former judgment was rendered by a court of competent jurisdiction. Second, that judgment was rendered on the merits. *See Golden v. Barenborg,* 53 F.3d 866, 868-69 (7th Cir. 1995) (noting that a stipulation to dismiss with prejudice is a final judgment for *res judicata* purposes). Third, all current claims against the defendants stem from Washington's 2008 arrest. These claims were or could have been determined in the prior action. Last, the parties in this case are the same as in Washington's previous lawsuit. Accordingly, these claims could have been raised in the previous litigation, and because they were not, they are now barred by *res judicata*.

Re-filing an unsuccessful claim against the same defendants is malicious. *See Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (it is malicious for a plaintiff with *in forma pauperis* status to file a lawsuit that duplicates allegations of another lawsuit brought by the same plaintiff) and *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of Section 1915A if it is intended to harass the defendant or is otherwise abusive of the judicial process).

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here. No amendment could overcome the bar of *res judicata*.

As a final matter, Washington has filed a motion to issue the summons to the defendants in this case. (DE # 9.) However, as Washington has not stated a claim, service will not be made on the defendants. 28 U.S.C. § 1915A.

For these reasons, the motion to issue a summons is **DENIED** and this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

                                          **SO ORDERED.**

Date: September 19, 2016

                                          s/James T. Moody  
                                          JUDGE JAMES T. MOODY  
                                          UNITED STATES DISTRICT COURT